## HENARES *v.* CASANOVA.

APPEAL from the District Court of Mayagüez.

No. 72.—Decided June 24, 1904.

PRACTICE—IRREGULARITIÉS AND INFORMALITIES COMMITTED THEREIN.—The irregularities and informalities which have been committed in a certain proceeding cannot be considered in another distinct and independent proceeding.

AWARD OF MORTGAGED PROPERTY—PREFERRED LIENS—COMMON CREDITS.—The person to whom a mortgaged estate is awarded is bound to answer, out of the value of the same estate, for the charges resting thereon and which are prior to the credit for the payment of which the said estate is awarded, and any surplus remaining in favor of the debtor, after the amount of the credit which gave rise to the execution proceedings is satisfied, should be devoted to the payment of the preferred charges, and not to the payment of other common credits which may exist against the said debtor.

### STATEMENT OF THE CASE.

This is a proceeding in the nature of executory process, initiated in the District Court of Mayagüez by Agustín Hernández, now his assignee José Henares, against Miguel Casanova, for the recovery of a sum of money. The case is pending before us on an appeal in cassation, now ordinary appeal, taken by Ursula Casanova from the decision rendered by said court in the proceeding in question.

"On November 2, 1901, counsel for Agustín Hernández Mena presented a motion in writing in said executory action to the District

Court of Mayagüez, praying for the enlargement of the attachment upon the sum of one thousand odd *pesos,* provincial money, which, in connection with the summary proceeding prosecuted in the same court by Ursula Casanova against her brother, Miguel Casanova, for the recovery of a sum of money, had been left in favor of the latter in the award of property which had been made in favor of Ursula in said proceeding for two-thirds of its price. Said motion having been granted in an order made on the fifth day of said month of November, counsel for Hernández Mena, on January 8, 1902, presented another application in writing, praying that demand be made upon Ursula Casanova to deposit in the office of the clerk of the court, within three days, the sum of $998.88, to which said sum, according to a liquidation made, the surplus remaining in favor of Miguel Casanova amounted, after paying the claim of Ursula, which surplus should be delivered to Hernández Mena on account of principal, interest and costs sought to be recovered by him in the executory action.

"Upon this second application the District Court of Mayagüez made an order directing that a statement showing the liquidation made in the summary proceeding referred to be added to the record, and, said statement having been produced, it appears: 1. That the estate awarded to Ursula Casanova was incumbered with a first mortgage in favor of Eduardo Bayron for the sum of 7,490 *pesos,* interest and costs; 2. That the same estate had been mortgaged in favor of Julio Savona for 2,633 *pesos* and costs; 3. That subsequently a mortgage was executed in favor of Ursula Casanova, said mortgage amounting to $5,659.80, after deducting the part thereof which had been cancelled, the assessed costs amounting to $53, which, added to the said sum, makes a total of $5,812.80; 4. That the award was made to Ursula for two-thirds of the value of the property, namely, $7,800, there remaining, therefore, a surplus of $987.20 in favor of the debtor, Miguel Casanova, of which surplus the necessary amount should be devoted to the satisfaction of the prior mortgages.

"In view of said statement the Mayagüez court made an order, on the fourth day of February following, directing that a certified copy of the application of Ursula Casanova praying for the award of the estate and the decree of award be likewise attached to the record, together with a statement of the office of the clerk as to whether the liquidation of charges had been approved, and said certificate having been issued, it appears that Ursula Casanova requested in the summary proceedings, under date of October 29, 1901, that inasmuch as no bidder had presented himself at the sale, the award of the mort-

gaged property should be made in her favor, according to law, in order to cover the amount of the claim and costs, executing in due time the decree of award prescribed by article 174 of the Regulations for the execution of the Mortgage Law, after taking the necessary steps in connection with the liquidation and taxation of costs. An order was made on this petition on the twenty-first day of said month of October, whereupon the mortgaged rural estate was awarded to Ursula Casanova for two-thirds of its value, in payment of the amount claimed and costs, which would be assessed, the appropriate liquidation of charges to be also made, and the sum specified in the deed of cancellation, which accompanied said petition, to be deducted from the mortgage credit, the award being therefore understood to have been made for the resulting difference.

"It was stated in the former certificate that on March 3, 1902, the liquidation of charges made in the summary proceeding prosecuted by Ursula Casanova against Miguel Casanova had been approved.

"The District Court of Mayagüez, by an order made on the eleventh day of said month of March, directed that demand should be made upon Ursula Casanova to make a deposit, within three days, of the surplus of $987.20, which had been attached, and the deposit having been made, an entry thereof was made in the summary proceedings.

"Counsel for Ursula Casanova applied for a revision of said order so as to make it declare that no way existed to extend to an executory action, instituted for the recovery of a promissory note, the effects of the liquidation of charges and an award made in a summary proceeding prosecuted for the enforcement of a mortgage credit, nor to apply outside of the summary proceeding a surplus, the expenditure of which is prescribed by law for covering prior charges of a mortgage nature.

"The revision having been denied by an order of the ninth of April following, José Hernares y Giménez was admitted as a party to the action in the capacity of assignee of Agustín Hernández Mena; and Ursula Casanova, having taken an appeal in cassation from said order, it was disallowed on the 20th of May; whereupon she came in with a complaint to this court, which ordered the appeal in cassation to be allowed, the same having been complied with by the Mayagüez court."

The record having been forwarded to this court, after citation and summons of the parties, the case was conducted

as an odinary appeal. A day was set for the hearing, which took place on the date fixed for that purpose.

*Mr. Alvarez Nava,* for appellant.

*Mr. Juan Quintero,* for respondent.

MR. JUSTICE HERNÁNDEZ after stating the foregoing facts, delivered the opinion of the court.

Regardless of the irregularities in the summary executory proceedings prosecuted by Ursula Casanova against Miguel Casanova for the collection of a mortgage credit,—irregularities which it is unnecessary to discuss in the present appeal, —the fact is that mortgages prior to that of Ursula Casanova existed upon the property awarded to her in said proceeding, and therefore, according to article 172 of the Regulations for the execution of the Mortgage Law, she is bound to answer for these charges out of the value of the same estate awarded to her, as she has partially acknowledged in setting forth in the liquidation of charges, which was judicially approved, that a surplus of $987.20 remained in favor of Miguel Casanova, the necessary portion of which surplus was allotted for the satisfaction of the prior mortgages. Said surplus, therefore, cannot now be devoted to the payment of any other ordinary credit, such as the one which constitutes the subject-matter of the present executory proceeding.

We adjudge that we ought to reverse and do reverse the order of April 9, 1902, from which the appeal is taken, and the related prior orders of November 5, 1901, and March 11, 1902, the costs occasioned in the proceeding in connection with the application for the enlargement of the attachment to be paid by the execution creditor, and no special imposition being made of the costs of the appeal. The District Court of Mayagüez is directed to proceed according to law, and the record will be remanded to that court, with a certified copy of the present decision, for such action as may be proper.

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.